Ye v. Holder

BIA
Hom, IJ
A200 931 709

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of April, two thousand fourteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

YUEQI YE,
> *Petitioner,*

v.                                    13-1571
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, New
                       York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; David V. Bernal, Assistant
                       Director; Lance L. Jolley, Trial
                       Attorney, Civil Division, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yueqi Ye, a native and citizen of the People's Republic of China, seeks review of a March 29, 2013 decision of the BIA affirming the October 13, 2011, decision of an Immigration Judge ("IJ"), which denied Ye's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yueqi Ye*, No. A200 931 709 (B.I.A. Mar. 29, 2013), *aff'g* No. A200 931 709 (Immig. Ct. N.Y. City Oct. 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The agency's findings of fact will be affirmed if they are supported by substantial evidence, and may be overturned only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As this application is governed by the REAL ID Act of 2005, the agency may base a credibility finding on the totality of the circumstances, including the asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements, without regard as to whether these factors go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). By this standard, the agency's adverse credibility determination is supported by substantial evidence. The IJ relied on Ye's demeanor and discrepancies in her testimony regarding the timing of significant events relevant to her alleged persecution. As the IJ reasonably declined to credit Ye's explanations for these discrepancies, we defer to the agency's findings. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Having reasonably found that Ye failed to establish eligibility for asylum on credibility grounds, the agency did not err in denying withholding of removal and relief under the CAT, as these claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

3

Ye argues that the agency did not properly consider her mental state and poor memory in its credibility finding, and asserts that the IJ breached his duty to inquire into her mental competency during the merits hearing. However, Ye's claim regarding her competency has evolved at each stage of review. Before the IJ, Ye attributed her testimonial discrepancies to poor memory and limited education, an explanation the IJ considered and reasonably rejected. Before the BIA, Ye for the first time alleged mental incompetency to explain her testimonial defects, and submitted a psychiatric evaluation indicating depression. Before us, Ye alleges a more pervasive and debilitating mental incompetency, which she states the agency failed to consider and which would require the agency to reconsider its credibility finding.

Claims raised before us, but not before the agency, are unexhausted, and we may not consider them. *See Lin Zhong v. U. S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2006) ("We may consider only those issues that formed the basis for [the agency] decision."). Thus, we are limited to considering the claim of mental incompetency only as raised before the agency. Since the argument and supporting evidence regarding Ye's mental incompetence was offered for

4

the first time before the BIA, and the BIA does not engage in factfinding in its review of IJ decisions, 8 C.F.R. § 1003.1(d)(3)(iv), the BIA did not err in declining to assess Ye's mental competency in the first instance.  Nor did the BIA err in declining to remand the application to the IJ to consider the mental incompetency claim.  As the BIA noted, the gravamen of Ye's argument to the BIA – that her testimonial inconsistencies should be excused due to her poor memory – had already been thoroughly considered by the IJ, and Ye's request for remand included no evidence that was unavailable to her during the initial proceedings before the IJ.  *See* 8 CFR § 1003.2(c)(1).

For the foregoing reasons, the petition for review is DENIED.  Ye's request for oral argument is DENIED in accordance with Fed. R. App. P. 34(a)(2) and 2d Cir. Local R. 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5